No. 44,919

ROBERT SCOTT DONALDSON, *Appellee*, v. MARTHA SUE DONALDSON, *Appellant*.

(430 P. 2d 210)

Opinion filed July 12, 1967.

*Clark M. Fleming* and *Charles F. Forsyth*, both of Erie, and *John W. White*, of Chanute, were on the brief for the appellant.

*Kenneth H. Foust* and *John O. Foust*, both of Iola, were on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: We deal here with a refusal to set aside a default judgment in a divorce action.

The parties to the proceeding were married January 10, 1962. Four children have been born. The husband, appellee herein, first sued the wife for divorce on December 15, 1964. This suit was dismissed May 25, 1965, and the parties continued to live together. On June 23, 1966, the husband again filed suit for divorce. In his petition he alleged the wife had been guilty of gross neglect of duty and extreme cruelty and he asked for divorce and custody of the four children. Personal service of summons was obtained on the wife the following day. The wife did not answer or make any appearance in court in response to the summons.

On September 13, 1966, the husband presented evidence in court in support of his petition. On September 28, 1966, the trial court entered judgment, effective that date, finding for the husband, and granting a divorce on the ground of gross neglect of duty. The court

further found the best interests of the children would be served by awarding their custody to the husband and so awarded their custody. The husband was also awarded the household goods of the parties.

On October 3, 1966, the wife filed her motion to set aside the judgment alleging it had been obtained by fraud and corruption on the part of the husband in that his actions were responsible for her failure to appear and defend the action. She also asked for permission to file an answer and cross-petition attached to her motion, and for a new trial.

On October 11, 1966, the trial court heard evidence pro and con on these motions and by agreement of the parties it later received from the Southeast Kansas Mental Health Center a report of psychiatric evaluation of the wife. On November 4, 1966, the trial court denied the wife's motion, specifically finding that the husband committed no fraud upon the court or against the wife and that he did nothing to prevent a defense to the action. The wife has appealed, asserting abuse of discretion.

The applicable statute (K. S. A. 60-260[b]) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . ."

Where relief is sought under such provision the burden of proving fraud, misrepresentation or other misconduct in obtaining a judgment is on the movant; fraud is not presumed but must ordinarily be proven by clear and convincing evidence (See 3 Barron & Holtzoff, Federal Practice and Procedure, §1326). And in determining such proceeding it becomes the duty of the trial court to weigh evidence and determine credibility of witnesses (*Cuthill v. Ortman-Miller Machine Company*, 249 F. 2d 43).

With these principles in mind we turn to the evidence. The parties had been living in a house in Chanute across the street from the home of the husband's parents. Upon filing the divorce petition the husband moved into his parents' home, leaving the children with the wife. The wife continued to live in the home of the parties and during a part of the time prior to the granting of the divorce she also lived at her parents' home near Chanute. At the hearing on the motion the appellant wife admitted receiving the summons; immediately thereafter she talked to her husband and his attorney.

Her testimony as to these conversations and as to her husband's actions, which testimony we need not detail, was at best vague and inconclusive as to any conduct contributing to her default in the divorce proceeding and simply did not support the allegations in her motion. She did testify her husband "just wanted a divorce, and he wanted the kids, and that's what he kept on saying." The husband testified denying any inference that his conduct in any way kept the wife from appearing and defending in the action; he testified she kept asking why he didn't hurry up and get it over with; that he did not talk about or promise getting back together again; he further testified:

"I told her on any number of occasions that I have filed once before and dismissed it and decided to try it again, and that after this happened, after she told me what happened, that I could not dismiss it, and that I would take my children, if I could, and provide the children a future for them they deserve, and that's what I told her on any number of occasions."

He testified that when he told her three days before the trial he would see her in court she replied, "No you won't, because I don't want anything to do with it"; that she said, "Just do it and get it over with." He also testified he advised her when the divorce case was coming up. There was evidence before the trial court that the wife was mentally competent and aware of the pendency of the suit, and there was no evidence she was incompetent although her condition had been diagnosed as neurotic depressive reaction.

Therefore we must conclude there was substantial evidence supporting the trial court's finding of fact that fraud was not established. In view of such failure of proof the court properly refused to vacate the judgment. Treating appellant's motion as one for new trial (K. S. A. 60-259[a]) the result would be the same. Other matters raised in the attack upon the judgment have been considered but are without merit and do not warrant further discussion. The judgment is affirmed.

APPROVED BY THE COURT.